[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 26, 1995 in Southington, Connecticut. The plaintiff has resided continuously in this state for at least 12 months prior to August 1996. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties separated approximately ten months after they married. The plaintiff gave no reason for the breakdown and simply walked out of the marriage. The plaintiff is 36 years of age and in good health. He is gainfully employed and earns approximately $318 net per week. He has one child from a previous CT Page 1608 marriage and has a child support obligation of $86.50 per week.
The defendant is 30 years of age. She testified she was devastated when the plaintiff left her. She is presently seeing a psychiatrist on a weekly basis. The defendant is also gainfully employed earning $338 net per week.
The parties have no assets. The parties purchased a home with the defendant's parents with very little funds. None of the parties could afford this property. No payments have been made on the mortgage since July 1996 and the marital home is presently under foreclosure.
The defendant and her parents are in the process of vacating the marital home at this time. In all probability, there is no equity left in this home and the parties may be faced with a deficiency judgment. Many poor judgments were made in connection with this matter.
The defendant has a two-chair beauty salon which she is closing down. She owes substantial back rent to the landlord. This business was on the market for sale for two years without success. The court finds this business has little, if any, value.
The plaintiff testified his net take home is $425 per week although his affidavit indicates a net of $318.78 per week.
The court has carefully considered the appropriate statutory criteria in making the decisions reflected in the orders that follow. No useful purpose would be served by a review of all the evidence presented. The court declines to assess fault to either party for the breakdown of the marital relationship. Unfortunately, the parties were unable to resolve their marital difficulties.
The following orders are entered:
1. The plaintiff shall be responsible for one-fourth of any deficiency in connection with the foreclosure of the marital property.
2. The personal property presently in the possession of the defendant shall remain her property.
3. The personal property in the possession of the plaintiff CT Page 1609 shall remain his property.
4. The parties agreed that the motion to modify alimony pendente lite dated December 20, 1996 would be heard as part of the dissolution case and any orders were to be retroactive to January 13, 1997. The order of alimony pendente lite is terminated as of January 13, 1997.
5. The court finds an arrearage of $450 on the pendente lite order. The plaintiff shall pay to the defendant the sum of $25 per week until this arrearage is paid in full.
6. The parties agreed to file a joint tax return for 1996 and it is so ordered. The defendant, by written instrument, shall indemnify and hold the plaintiff harmless from any and all claims by the IRS and/or State of Connecticut rising out of joint tax returns filed by the parties, concerning the defendant's business "Sherri's Hair Nail Studio". Any refund for the tax year 1996 shall be equally divided between the parties.
7. Each party shall be responsible for one-half of the remaining balance as of March 3, 1997 on the Bank of Boston furniture loan.
8. No alimony is awarded to either party.
9. The defendant is granted a change of name to Sherri D'Agostino.
10. Each party shall be responsible for the debts and liabilities as reflected on their respective financial affidavits if not otherwise addressed in this memorandum.
11. Neither party shall contact the other at their home or at their respective place of employment.
12. No attorneys fees are awarded to either party.
Coppeto, J.